UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANK ADAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-cv-4877 |
| | § | |
| CENTRAL MUTUAL INSURANCE | § | |
| COMPANY AND LEE TELLING, | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

Defendant, Central Mutual Insurance Company ("Central"), files this Notice of the Removal of this case from the County Court at Law No. 2, Montgomery County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1441 and 1446(b)(1), and would show the Court as follows:

1.

Central is a Defendant in Cause No. 19-11-15869, entitled *Frank Adams v. Central Mutual Insurance Company and Lee Telling*, currently pending in the County Court at Law No. 2, Montgomery County, Texas.

2.

This Notice of Removal is being filed within thirty days from the receipt Plaintiff's Original Petition, which was filed with the County Court at Law #2, Montgomery County, Texas on November 26, 2019. Central is filing this notice timely under 28 U.S.C. § 1446(b)(1), as this notice is being filed within thirty days from receipt of the initial pleading, and within thirty days from when the lawsuit was filed, so that Central's filing of this notice is timely under 28 U.S.C. § 1446(b)(1).

3.

At the date of commencement of this action and at all pertinent times, Plaintiff Frank Adams ("Plaintiff") is a citizen of the State of Texas, being domiciled in Montgomery County, Texas.

4.

At all times relevant herein, Defendant Central is a citizen of the State of Ohio, being an insurance company incorporated in the State of Ohio, and having its principal place of business in the State of Ohio.

5.

At all times relevant herein, Defendant Lee Telling ("Telling") is a citizen of the State of Texas, being domiciled in the State of Texas.

6.

The citizenship of Defendant Lee Telling is not considered for jurisdictional purposes, as Lee Telling was an insurance adjuster who acted as Central's agent, and Central, prior to Plaintiff's filing of this lawsuit, assumed legal responsibility for the acts and omissions of Lee Telling under Section 542A.006 of the Texas Insurance Code.   Section 542A.006 allows carriers to "elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant."  The statute goes on to provide that if the insurer makes such an election, no cause of action exists against the agent related to the claim, and the agent must thereafter be dismissed with prejudice from any action to which the agent is a party. Chapter 542A broadly defines "agent" as an employee, agent, representative or adjuster who performs any act on behalf of an insurer.  TEX. INS. CODE § 542A.001(1).  Lee Telling qualifies as Central's agent under Section 542A.006 of the Texas Insurance Code because he worked as an

adjuster on Central's behalf concerning Plaintiff's insurance claim to Central that is involved in this lawsuit.

7.

On October 5, 2019, Central e-mailed a letter to the Plaintiff's attorney in which Central elected to be responsible for the acts or omissions of Lee Telling pursuant to Section 542A.006 of the Texas Insurance Code.  That October 5, 2019 letter from Central stated that "Central Mutual Insurance Company hereby elects to accept whatever liability Alex Salinas, Lee Telling, Team One Adjusting Services, LLC, Aaron Martin, John T. Parker Claims Service, and/or Cates Insurance & Financial Service might have to Frank Adams for any of their acts or omissions concerning Mr. Adams' insurance claim involved in this matter."  A true and correct copy of this letter is attached as Exhibit "A" to this Notice of Removal.

8.

As Plaintiff's lawsuit was not filed until November 26, 2019, Central plainly made its election of responsibility under Section 542A.006 of the Texas Insurance Code before suit was filed against Central and Lee Telling.  Courts uniformly hold that where an election of responsibility is made by the insurer and served on an insured or the insured's attorney prior to the lawsuit being filed, this precludes any liability on the part of the adjuster, so that the adjuster's citizenship may not be considered in determining whether complete diversity of citizenship exists for purposes of diversity jurisdiction.  See *McAdams v. Palomar Specialty Ins. Co.*, 2019 WL 2553616, at *5-7 (E.D. Tex. 2019); *Vyas v. Atain Specialty Ins. Co.*, 2019 WL 2119733, at *3-4 (S.D. Tex. 2019); *Ewell v. Centauri Specialty Ins. Co.*, 2019 WL 2502016, at *2 (S.D. Tex. 2019); *Greatland Investment, Inc. v. Mt. Hawley Ins. Co.*, 2019 WL 2120854, at *3 (S.D. Tex. 2019).

9.

As no viable claim has been pled by Plaintiff against Lee Telling, the citizenship of Lee Telling would not be considered for jurisdictional purposes.  Complete diversity does exist between Plaintiff and the remaining Defendant, Central, so that diversity of citizenship exists in this matter.

10.

This Court has original jurisdiction of this action under 28 U.S.C. § 1332, and it may be removed to this Court by Central, pursuant to 28 U.S.C. § 1441, it being a civil action wherein the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as between citizens of different states.  That the necessary amount in controversy is met is illustrated by Plaintiff's Original Petition, where in Paragraph 87 of that Petition, Plaintiff alleges it seeks "monetary relief of no less than $100,000."

11.

Copies of all the pleadings which have been filed in the state court action to date and/or served, which are attached as Exhibit "B" include the following:

1.       Plaintiff's Original Petition.

To the best of Central's knowledge, no other pleading, process or order has been filed or served in the state court lawsuit referred to above.  Attached as Exhibit "C" to this Notice is the Certificate of Interested Persons required by the Court.

Wherefore, Defendant, Central Mutual Insurance Company, prays that this action be removed to this Court from the County Court at Law No. 2, Montgomery County, Texas and for further proceedings as may be necessary.

Respectfully submitted,


/S/Russell J. Bowman
Russell J. Bowman, Attorney in Charge
Texas Bar No. 02751550
Southern District No. 20283
800 West Airport Freeway, Suite 860
Irving, Texas 75062
(214) 922-0220
(214) 922-0225 (FAX)
ATTORNEY FOR DEFENDANT

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing instrument was served upon the following, as indicated below, on this the 16th day of December, 2019:

Chad T. Wilson                                   Via E-Mail: cwilson@cwilsonlaw.com
Thomas J. Landry                              Via E-Mail: tlandry@cwilsonlaw.com
Chad T. Wilson Law Firm PLLC
455 E. Medical Blvd., Suite 555
Webster, Texas 77598


/S/Russell J. Bowman
Russell J. Bowman